```
                    United States District Court
                      District of Massachusetts
_____
                            )
In re Advanced RISC Corporation, )
                            )
        Debtor,             )
                            )
DAVID M. NICKLESS, Trustee, )
                            )
        Plaintiff/Appellee, )      Bankruptcy Appeal
                            )      C.A. No. 04-40123-NMG
        v.                  )
                            )
MERRILL LYNCH, PIERCE, FENNER & )
SMITH, INC., and DENNIS BURN,   )
                            )
        Defendant/Appellants. )
_____ )
```

**MEMORANDUM & ORDER**

**Gorton, J.**

Pending before this Court is Defendant/Appellants' Motion for Leave to Appeal the Bankruptcy Court's Order denying its Motion for Summary Judgment (Docket No. 1).

I.  **Background**

This case arises out of an involuntary Chapter 7 bankruptcy petition filed by the creditors of Advanced RISC Corporation ("the Debtor"). On March 13, 2001, David M. Nickless, the Trustee, filed an adversary proceeding against Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and Dennis Burns ("Burns"), a former Merrill Lynch employee. The Trustee alleges that Burns made fraudulent or negligent misrepresentations to

creditors to induce them to make loans to the Debtor. Burns ultimately pled guilty to conspiring to commit mail fraud or wire fraud by means of making false representations about the Debtor, in violation of 18 U.S.C. § 371. The Trustee has sued the Defendant/Appellants for negligence and, in addition, alleges liability on the part of Merrill Lynch under the theory of respondeat superior.

The Defendant/Appellants subsequently moved for summary judgment which the Bankruptcy Court denied in a one-sentence ruling, finding that there exist genuine issues of material fact to be decided. Defendant/Appellants now move for leave to file an interlocutory appeal of that Bankruptcy Court decision.

## II. **Legal Analysis**

In determining whether to hear a discretionary, interlocutory appeal from an order of a bankruptcy court, the district court considers: 1) whether the order involved controlling questions of law, 2) whether there exists a substantial ground for difference of opinion and 3) whether immediate appeal from the order might materially advance the ultimate termination of the litigation. In re Jackson Brook Institute, 280 B.R. 1, 4 (D.Me. 2002).

Defendant/Appellants raise two legal issues that they contend could be dispositive of the case:

> 1) whether the Trustee lacks standing because an alleged "sham" corporation, such as the Debtor, is incapable of suffering injury based on a "deepening insolvency"; and
>
> 2) whether application of the "in pari delicto" doctrine bars the Trustee's claims.

Concerning the first issue, the Defendant/Appellants argue, in essence, that a corporation cannot be damaged by the continuing perpetration of a fraud pursuant to which it was founded and in which it participates. Thus, in the absence of any injury to the Debtor, the Trustee lacks standing to pursue the adversary proceeding.

An immediate appeal is warranted on that issue. Standing is generally a dispositive legal issue because if the plaintiff lacks standing, the entire case must be dismissed. See Pacamor Bearings, Inc. v. Minebea Co., Ltd., 892 F.Supp 347, 361 (D.N.H. 1995). Here, there is likely no genuine issue of material fact with respect to whether the Debtor was a "sham" corporation because the evidence overwhelmingly suggests that it was merely a conduit for fraud. Indeed, most of the officers of the Debtor corporation are currently serving prison terms for fraud.

As the parties recognize, the First Circuit Court of Appeals has not yet considered whether a "sham" entity lacks standing to pursue deepening insolvency damages. It appears that sooner or later (i.e. now or after a trial), this Court will have to decide that issue. Given the lack of a factual dispute, judicial economy suggests that there is no time like the present.

The second issue also presents a question of first impression in the First Circuit: whether the <u>in pari delicto</u> doctrine (the idea that a party that participated in malfeasance is barred from recovering from its co-conspirators) should bar suit by a trustee on behalf of a debtor that participated in the underlying fraud giving rise to the suit.  The First Circuit has generally recognized the <u>in pari delicto</u> doctrine but has not considered its extension to a case involving a bankruptcy trustee.  See <u>Fleming</u> v. <u>Lind-Waldlock & Co.</u>, 922 F.2d 20, 28 (1st Cir. 1990).

Here, there is no genuine issue of material fact because the Debtor's participation in the fraud is clear.  Under Massachusetts law, "knowledge of officers and directors having substantial control of all activities of a corporation is imputed to the corporation . . . when all corporate power is exercised by a few who perform misdeeds . . . ."  <u>Demoulas</u> v. <u>Demoulas</u>, 703 N.E.2d 1149, 1171 (Mass. 1998).  All of the officers of the Debtor corporation were involved in the underlying fraud and, thus, their acts are properly imputed to it.  Accordingly, if the <u>in pari delicto</u> doctrine is held to apply to this case, recovery will be barred.  Judicial economy again dictates that the issue be addressed forthwith.

**ORDER**

In accordance with the foregoing, Defendant/Appellants' Motion for Leave to Appeal (Docket No. 1) is **ALLOWED.** The parties will submit their briefs to the Court as follows: the Defendant/Appellants' brief will be filed on or before November 15, 2004, the Plaintiff/Appellee's brief will be filed on or before November 29, 2004 and the Defendant/Appellants' reply will be filed on or before December 8, 2004.

**So ordered.**

        /s/ Nathaniel M. Gorton
        Nathaniel M. Gorton
        United States District Judge

Dated: October 27, 2004