UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>Advanced RISC Corporation,<br>　　　Debtor<br>_____<br><br>David M. Nickless, Trustee,<br>　　　Plaintiff/Appellee,<br><br>v.<br><br>Merrill Lynch, Pierce, Fenner & Smith, Inc.,<br>and Dennis Burns,<br>　　　Defendants/Appellants | Bankruptcy Appeal<br>C.A. No. 04-40123-NMG |

MOTION BY PLAINTIFF/APPELLEE TO SUBSTITUTE PAGES IN BRIEF

　　COMES NOW David M. Nickless, the trustee and plaintiff/appellee, and moves to substitute the three pages included in the attached Exhibit in lieu of the corresponding pages in his brief already filed.

1. On December 3, 2004, the plaintiff/appellee filed his brief [#10].

2. In his brief, the Table of Authorities, pages ii and iii, has errors in spacing and otherwise, and page 12 includes, on the first line, the word "not," inadvertently added.

3. The pages included in the attached Exhibit correct those errors.

4. Merrill Lynch, Pierce, Fenner & Smith, Inc. would not be prejudiced by the substitutions since it has until December 13, 2004, to file its reply brief.

　　WHEREFORE, David M. Nickless, the trustee and plaintiff/appellee, requests this Court to allow him to substitute the pages included in the attached Exhibit in lieu of the corresponding

pages in the brief he filed on December 3, 2004, and requests this Court to grant such further and other relief as is just.

>/s/ Janice G. Marsh
>David M. Nickless, Trustee, BBO No. 371920
>Janice G. Marsh, Esq., BBO No. 638575
>Nickless and Phillips, PC
>495 Main Street
>Fitchburg, MA 01420
>978-342-4590
>dnickless.nandp@verizon.net
>jmarsh.nandp@verizon.net

CERTIFICATE OF SERVICE

I, Janice G. Marsh, certify that, upon receipt of the notice of electronic service, I will immediately serve a copy of this pleading by mail to any of the parties listed below if not noted as having received electronic service:

| | |
|---|---|
| Richard Renehan | Stephen M. Salon |
| Richard Zielinski | Salon & Kantrowitz LLP |
| Joseph C. Lyons | Old City Hall |
| Goulston & Storrs, PC | 45 School Street |
| 400 Atlantic Avenue | Boston, MA  02108 |
| Boston, MA  02110-3333 | Attorney for Dennis Burns |
| Attorneys for Merrill Lynch, Pierce, Fenner & Smith, Inc. | |

Dated:  December 7, 2004            /s/ Janice G. Marsh
                                    Janice G. Marsh

2

# EXHIBIT

# TABLE OF AUTHORITIES

## STATUTES

| | |
|---|---|
| Mass. Gen. Laws ch. 155, § 6 | 3 |
| Mass. Gen. Laws ch. 156B, § 9 | 3 |
| 11 U.S.C. § 541 | passim |
| 11 U.S.C. § 548 | 11 |
| 11 U.S.C. § 549 | 11 |
| 11 U.S.C. § 550 | 11 |
| 11 U.S.C. § 701 | 10 |
| 11 U.S.C. § 704 | 10 |

Copies of the above statutes are included in the Trustee's Addendum or in Merrill Lynch's Addendum.

## CASES

| | |
|---|---|
| Benzanson v. Thomas, 2003 WL 21434911 (D.N.H. 2003) | 14 |
| Bergeson v. Life Insurance Corp., 265 F.2d 227 (10th Cir. 1959) | 5 |
| Erricola v. Gaudette (In re Gaudette), 241 B.R. 491 (Bankr. D.N.H. 1999) | 4, 16 |
| FDIC v. O'Melveny & Myers, 61 F.3d 17 (9th Cir. 1995) | 9 |
| Feltman v. Prudential Bache Securities, 122 B.R. 466 (S.D. Fla. 1990) | 7 |
| Fleming v. Lind-Waldock & Co., 922 F.2d 20 (1st Cir. 1990) | 9 |
| Hirsch v. Arthur Andersen & Co., 72 F.3d 1085 (2d Cir. 1995) | 12 |
| In re Investor's Funding Corp., [1980] Fed. Sec. L. Rep. (CCH) ¶ 97,696 (S.D.N.Y. 1980) | 5 |
| Kinter v. Connolly, 233 Pa. 5, 81 A. 905 (1911) | 5 |
| Loyd v. Paine Webber, Inc., 208 F.3d 755 (9th Cir. 2000) | 7 |
| Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) | 3 |
| Lutz v. Chitwood (In re Donahue Securities, Inc.), 304 B.R. 797 (Bankr. W.D. Ohio 2003) | 12 |
| McCandless v. Furlaud, 296 U.S. 140 (1935) | 9 |
| McNamara v. PFS a/k/a Premium Financing Specialists (In re Personal and Business Insurance Agency), 334 F.3d 239 (3d Cir. 2003) | 10-11 |
| Official Committee of Unsecured Creditors v. Boston Regional Medical Center, Inc. (In re Boston Regional Medical Center, Inc.), 328 F. Supp. 2d 130 (D. Mass. 2004) | 15 |
| Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340 (3d Cir. 2001) | 9, 10, 11, 12 |
| O'Halloran v. First Union National Bank of Florida, 350 F.3d 1197 (11th Cir. 2003) | 7-8 |

Regan v. Vinick & Young (In re Rare Coin Galleries of
  America, Inc.), 862 F.2d 896 (1st Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . 14-15
Rodolakis v. Shadduck (In re Shadduck), 208 B.R. 1
  (Bankr. D. Mass. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16
Schacht v. Brown, 711 F.2d 1343 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . 4-5
Scholes v. Lehmann, 56 F.3d 750 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 5-6, 9
Segal v. Rochelle, 382 U.S. 375 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Sender v. Buchanan (In re Hedged Investments Associates,
  Inc.), 84 F.3d 1281 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114
  (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Terlecky v. Hurd (In re Dublin Securities, Inc.), 133 F.3d 377
  (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

why a court should consider postpetition events in an action under 11 U.S.C. section 541(a)(3), but not 11 U.S.C. section 541(a)(1), when the end result is that the property is property of the estate.

As the Third Circuit recognized in PBI, a court may decide not to apply the doctrine of in pari delicto to ensure that an equitable result is reached, for example, a trustee's recovering money for the benefit of innocent creditors, not prepetition perpetrators of fraud. Because the doctrine is concerned with preventing a wrongdoer from benefiting from his prepetition wrong – to which a trustee or innocent creditors were not a party and which the trustee could not have prevented – it would be perverse to apply the doctrine to prevent the trustee from recovering for the benefit of the innocent creditors.

Other cases upon which Merrill Lynch relies are similarly flawed because the majority in Lafferty merely relied upon those cases: (1) Sender v. Buchanan (In re Hedged Investments Associates, Inc.), 84 F.3d 1281 (10th Cir. 1996); (2) Terlecky v. Hurd (In re Dublin Securities, Inc.), 133 F.3d 377 (6th Cir. 1997); (3) Hirsch v. Arthur Anderson & Co., 72 F.3d 1085 (2nd Cir. 1995); and (4) Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114 (2nd Cir. 1991). 267 F.2d at 357-58. Additionally, another case, Lutz v. Chitwood (In re Donahue Securities, Inc.), relied upon Lafferty and Dublin Securities. 304 B.R. 797, 799 (Bankr. W.D. Ohio 2003).

In this case, the Trustee was not a party to the wrongdoing by the Stephen K. Chan, Michelle Lee and William D. Hulse. The Trustee, appointed upon the commencement of the ARC bankruptcy case, could not have prevented the wrongdoing. Thrust into his position, the Trustee is vindicating the rights of ARC, property of the estate under 11 U.S.C. section 541(a)(1), as the Trustee is required to do.

Since 11 U.S.C. section 541 explicitly relates to only property of the estate and has nothing to do with equitable defenses, this Court may consider postpetition events. Specifically, upon the