```
                     United States District Court
                       District of Massachusetts
_____
                              )
In re Advanced RISC Corporation, )
                              )
        Debtor,               )
                              )
MERRILL LYNCH, PIERCE, FENNER & )
SMITH, INC., and DENNIS BURN,  )
                              )     Bankruptcy Appeal No.
        Appellants,           )     04-40123-NMG
                              )
        v.                    )
                              )
DAVID M. NICKLESS, Trustee,   )
                              )
        Appellee.             )
_____)
```

## MEMORANDUM & ORDER

**Gorton, J.**

On October 27, 2004, this Court allowed Appellants' Motion to File an Interlocutory Appeal of the Bankruptcy Court's Order denying summary judgment. The matter has been briefed and the Court now considers the appeal.

### I. Factual Background

This case relates to the demise of Advanced RISC Corporation ("the Debtor"), an entity which, as has been determined by a court of competent jurisdiction, was created by Stephen K. Chan ("Chan"), Michelle Lee ("Lee") and William D. Hulse ("Hulse") (collectively, "the Principals") to defraud creditors through

bogus equipment leasing contracts.[1]  To entice lenders into the scheme, the Principals made numerous false statements about the company's history, clients, management and finances.  They were ultimately convicted on federal criminal charges relating to the fraud.  On September 3, 1998, creditors filed an involuntary petition for bankruptcy under Chapter 7 against the Debtor.

On March 13, 2001, David M. Nickless, the Bankruptcy Trustee ("the Trustee"), filed an adversary proceeding against Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill") and Dennis Burns ("Burns"), a former Merrill employee.  The Trustee alleges that Burns provided fraudulent or negligent representations to creditors to induce them to make loans to the Debtor.  Burns ultimately pled guilty to conspiring to commit mail fraud or wire fraud by means of making false representations about the Debtor, in violation of 18 U.S.C. § 371.  The Trustee has sued Merrill under the theories of respondeat superior and negligence, and has sued Burns for negligence.

The Trustee claims $13,900,000 in damages to the Debtor's estate under a theory of "deepening insolvency".  He asserts that, as a result of misrepresentations made by Burns, the Debtor was able to continue operating until August 13, 1998, well beyond

---

[1] The Principals also created Multinational Systems Corporation but the Bankruptcy Court has ruled that it is "de facto consolidated" with Advanced RISC Corporation.  Thus, "the Debtor" includes both entities.

any potential viability, during which time it defrauded creditors and incurred debts of nearly 14 million dollars.

Appellants moved for summary judgment and the Bankruptcy Court denied the motion in a one-sentence ruling, finding that there existed genuine issues of material fact to be decided. On October 27, 2004, this Court allowed Merrill's Motion to File an Interlocutory Appeal. Merrill states the issues on appeal as follows:

1) Whether the Trustee lacks standing because a "sham" corporation, such as the Debtor, is incapable of suffering injury based upon "deepening insolvency"?

2) Whether application of the <u>in</u> <u>pari</u> <u>delicto</u> doctrine bars the Trustee's claims?

The parties have had an opportunity to brief the matter. Burns has not filed a brief but moves to adopt Merrill's brief.

## II. Legal Analysis

### A. Standard of Review

#### 1. Summary Judgment Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Mesnick</u> v. <u>General Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991)(quoting <u>Garside</u> v. <u>Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

    2.   Review of Bankruptcy Court Ruling

In reviewing an appeal from an order of a bankruptcy court, a district court reviews de novo "[c]onclusions of law and legal

significance accorded to facts". <u>In re Chestnut Hill Mortgage Corp.</u>, 158 B.R. 547, 549 (D.Mass. 1993).  However, a district court must accept the bankruptcy judge's findings of fact unless a review of the record demonstrates that they are "clearly erroneous." <u>Id.</u>

**B.   Analysis**

Appellants present two issues on this appeal but the Court declines to consider the issue of "deepening insolvency" because it holds that summary judgment in favor of the appellants is warranted based upon the equitable defense of <u>in pari delicto</u>. In general, the <u>in pari delicto</u> doctrine provides an affirmative defense which denies recovery to a plaintiff who bears fault for the claim. <u>Official Comm. of Unsecured Creditors</u> v. <u>R.F. Lafferty & Co., Inc.</u>, 267 F.3d 340, 354 (3d Cir. 2001).  <u>See</u> <u>Fleming</u> v. <u>Lind-Waldock & Co.</u>, 922 F.2d 20, 28 (1st Cir. 1990).

Appellants seek to apply that doctrine to bar claims by the Trustee against the Debtor's alleged co-conspirators, Merrill and Burns, on the basis of the Debtor's participation in the fraud. They make the following three-part argument: a) the misdeeds of the Principals should be imputed to the Debtor (corporation) because it was controlled by them, b) the Bankruptcy Trustee is subject to the same defenses to which the Debtor is subject and, therefore, c) the <u>in pari delitco</u> doctrine, which would bar recovery by the Debtor, also bars recovery by the Trustee.

The Trustee responds that he should be exempt from application of the <u>in pari delicto</u> doctrine because the Principals, and the accompanying taint of fraud, were removed from the Debtor when he was appointed as Trustee. He contends that it would be inequitable to apply the doctrine here because the effect would be merely to deny recovery to innocent creditors.

The parties agree that the doctrine of <u>in pari delicto</u> is generally recognized in the First Circuit. <u>See</u> <u>Fleming</u>, 922 F.2d at 28. The First Circuit Court of Appeals has not, however, considered the doctrine's application to a claim by a bankruptcy trustee. Thus, this Court writes on a clean slate. To determine whether the doctrine should apply in this case, a two-part inquiry is necessary.

Initially, the Court must determine whether the fraudulent conduct of the Principals should be imputed to the Debtor, thereby exposing the corporation to the defense of <u>in pari delicto</u>. <u>See</u> <u>Lafferty</u>, 267 F.3d at 358. If that question is answered in the affirmative, the Court then must determine whether the Trustee, who steps into the shoes of the Debtor, is also subject to the defense. <u>Id.</u> at 355-56.

    1.   <u>Imputation of Principals' Conduct to the Debtor</u>

State law determines the circumstances under which the misconduct of corporate actors may be imputed to the corporation.

Id.  In Massachusetts, the Supreme Judicial Court has set forth the governing rule as follows:

> [t]he general rule is that the knowledge of an officer of the corporation obtained while acting outside the scope of his official duties, in relation to a matter in which he acted for himself and not for the corporation, is not, merely because of his office, to be imputed to the corporation.  However, knowledge of officers and directors having substantial control of all activities of a corporation is imputed to the corporation. When all corporate power is exercised by a few who perform misdeeds, knowledge of those misdeeds must be imputed to the corporation.

Demoulas v. Demoulas, 428 Mass. 555, 584-85 (Mass. 1998)(internal citations and quotations omitted).

In this case, the Trustee, wisely, wastes no time arguing that the Principals lacked control over the Debtor.  The Complaint explicitly alleges that "Chan and Lee were officers, directors, or persons in control of the Debtor", that they "oversaw the financial affairs of [the Debtor]" and that they "managed and directed the day-to-day operations of the Debtor". The Trustee cannot avoid the force of his own accusations. Moreover, the evidence makes clear that the complaint contains an accurate statement of the relationship between the Principals and the Debtor: one of complete control of the latter by the former. Under such circumstances, the misdeeds of the Principals are imputed to the Debtor.

    2.    <u>Application of the In Pari Delicto Doctrine to a Bankruptcy Trustee</u>

Given that the misconduct of the Principals will be imputed

to the Debtor, the application of the in pari delicto doctrine to the Debtor would be clear. The unsettled question of law concerns whether a bankruptcy trustee is also susceptible to that defense once he assumes control of the bankrupt estate. Appellants' argument is simple: a bankruptcy trustee succeeds only to the rights and obligations that the debtor possessed pre-petition and he is subject to "all defenses that could have been raised against the debtor" (citing 11 U.S.C. § 541 and Integrated Solutions, Inc. v. Serv. Support Specialists, Inc., 124 F.3d 487 (3d. 1997) in support).

The Trustee's response is two-fold. First, he urges the Court to consider the, so-called, "post-petition event" of the Trustee's appointment and to conclude that the in pari delicto doctrine is inapplicable because the Principals were removed, leaving only the Trustee as an "innocent successor". Second, the Bankruptcy Trustee contends that, for equitable reasons, it would be unjust to apply the doctrine here, where the only parties to be harmed would be the creditors.

On balance, Appellants have the better of the argument because the Bankruptcy Code is clear: the bankrupt estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis supplied). As the text and legislative history of the statute make clear, "section 541 directs courts to

evaluate defenses as they existed at the commencement of the bankruptcy." Lafferty, 267 F.3d at 356. The Trustee cites no law for the proposition that a bankruptcy trustee inherits or assumes greater rights than the Debtor possessed before filing. Indeed, one would have to ignore altogether the emphasized phrase of the statute in order to accept the Trustee's argument. In short, although the statute does not explicitly state that the bankruptcy trustee is bound by all defenses to which the debtor was subject, that premise is necessarily implied by the Bankruptcy Code and is confirmed by case law and the legislative history. Id. at 356 (discussing legislative history of section 541).

The circuit courts which have considered the issue have unanimously held the in pari delicto doctrine to be applicable to bankruptcy trustees in analogous scenarios. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085 (2d Cir. 1995); Lafferty, 267 F.3d at 356 (Third Circuit); Terlecky v. Hurd, 133 F.3d 377 (6th Cir. 1997); Sender v. Buchanan, 84 F.3d 1281 (10th Cir. 1996). This Court is inclined to follow the sound reasoning of those cases.

The Trustee's analogy to cases involving receiverships is unavailing for a simple reason: those courts were not bound by § 541. Likewise, the Trustee's argument, that § 548 (setting forth bankruptcy trustee's avoidance powers) demonstrates that courts may consider post-petition events in bankruptcy

proceedings, is misplaced. If anything, § 548, in which the language "as of the commencement of the case" is conspicuously absent, strengthens the contention that in § 541, which includes such language, post-petition events may not be considered.

Finally, the Trustee's argument, that the application of the in pari delicto doctrine would be inequitable, is unpersuasive for two reasons:

1. Trustee's contention that the Court's holding will deny recovery to creditors is somewhat disingenuous. The Court holds only that the debtor/corporation (more precisely, the bankrupt estate), which itself participated in the fraud, may not recover. Nothing prevents a creditor from independently suing the Appellants for liability arising from their part in the underlying fraud (if any), as several have already done in this case. The fact that the creditors must proceed individually in order to recover (rather than collectively through the bankruptcy trustee) is not unduly prejudicial. It merely puts them on equal footing with other civil litigants.

2. More importantly and notwithstanding any equitable considerations, this Court cannot ignore the plain meaning of the Bankruptcy Code. As the Tenth Circuit Court of Appeals, considering whether to recognize an exception to the in pari delicto doctrine for bankruptcy trustees, stated:

> [T]he issue is not whether such an exception would make good policy but whether the exception can be found in the

>Bankruptcy Code.  Neither the text of the Code nor its
>legislative history suggests any exceptions to the principle
>that the strength of an estate's cause of action is measured
>by how it stood "as of commencement of the case."  It falls
>beyond the province of this court to let policy
>considerations override our interpretation of the text and
>clear intent of an act of Congress.

Sender, 84 F.3d at 1286 (citations omitted).  Accordingly, this Court holds that the in pari delicto doctrine bars a claim by a bankruptcy trustee where the debtor would have been so barred before the bankruptcy petition was filed.

In this case, as determined by the Bankruptcy Court, the Debtor was a participant in the underlying fraud and, as a result, is subject to an in pari delicto defense.  In light of that holding, the Trustee is subject to the same defense and Appellants' motion for summary judgment should have been allowed.  Accordingly, the judgment of the Bankruptcy Court is reversed.

### ORDER

In accordance with the foregoing, the Bankruptcy Court's denial of Appellants' motion for summary judgment is **REVERSED** and Appellants' motion for summary judgment is **ALLOWED**.

**So ordered.**

                                               /s/ Nathaniel M. Gorton
                                               Nathaniel M. Gorton
                                               United States District Judge

Dated: March 29, 2005